29454. MEADOR *v.* NOWELL.

Decided July 8, 1942.

*Roberts & Roberts,* for plaintiff in error.  *H. C. Cox,* contra.

STEPHENS, P. J.  (After stating the foregoing facts.)

The plaintiff does not insist on the general grounds of the motion.

Error is assigned in ground 1 of the amended motion on the following charge: "We come now to the original proposition: is this alleged copy sued upon and attached to the petition a substantial copy of the lost note, the original lost note, and there you have a controversy, and the plaintiff would have the burden of establishing it was a true copy, substantially a true copy, to your satisfaction.  The plaintiff undertakes to do it by resorting to certain papers he has and inferences he has drawn from the course of conduct he has followed in his business and his habits.  The defendant swears positively that the note he gave would be due in 1920 and not 1922, and he gives you his explanation as to why he has such a recollection about the matter, and then he also brings to you certain documentary evidence from which he points out certain entries, and contends that from these entries inference should be drawn by you showing he is right about it and that the lost note was due in 1920, and therefore would be barred by the statute of limitations as it was due over twenty years before this suit was brought."  The plaintiff testified that the note sued on was lost.  He also positively testified that to secure an indebtedness due by

Barrett-Medlin Company he got a note of the defendant "due on October 15, 1922," and also a note of Mrs. Donnie Mae Cook which was due October 15, 1922. The plaintiff testified positively that the notes representing the indebtedness of Barrett-Medlin Company together with the collateral notes were turned over to that company on a trust receipt. The plaintiff introduced in evidence what purported to be the original trust receipt which was signed by Barrett-Medlin Company in the presence of a notary public. This receipt recited that Barrett-Medlin Company had received, among other notes, the collateral note payable to it and executed by Mrs. Donnie Mae Cook for $685.26, due October 15, 1922, and the note due October 15, 1922, for $231.85 made by Robin S. Nowell to it, and that each was indorsed by that company. On the other hand the defendant testified positively that he had executed only one note to Barrett-Medlin Company, and that this note was executed in 1920. The defendant likewise introduced in evidence a letter from the manager of a credit bureau to whom, the plaintiff had testified, he had at one time turned the notes over for collection, which letter contained an entry that the credit company held for collection for the account of Meador-Cauthorn Company two described notes of Barrett-Medlin Company due June 1, 1922, and October 1, 1922, respectively, together with two collateral notes. This entry described the Cook note as due or dated October 15, 1920, and the Nowell note likewise.

It is our opinion that while the court correctly instructed the jury that the plaintiff had the burden of establishing a true copy of the note sued on, the court improperly, in referring to the evidence of the plaintiff, stated that "the plaintiff undertakes to do it by resorting to certain papers he has and inferences he has drawn from the course of conduct he has followed in his business and in his habits," where in the next breath the court stated that "the defendant swears positively that the note he gave would be due in 1920 and not 1922, and he gives you his explanation as to why he has such a recollection about the matter, and then he also brings to you certain documentary evidence from which he points out certain entries, and contends that from these entries inferences should be drawn by you showing he is right about it and that the lost note was due in 1920." Under the evidence introduced by the plaintiff and by the defendant the above charge was error. There

was evidence authorizing the jury to find for either party. The plaintiff, just as positively as did the defendant, testified as to the date of the note sued on. One of them was mistaken. This was for the jury. The plaintiff introduced certain documentary evidence, as did the defendant, which showed or indicated that the date of the note sued on was as testified to by him. In these circumstances the above excerpt from the charge was error, in that the court, in instructing the jury as to the plaintiff's evidence, restricted such evidence to circumstantial evidence only, and omitted to call the jury's attention to the plaintiff's positive testimony as to the date of the execution of the note, whereas the court did call the jury's attention to the defendant's testimony as to the date of the execution of the note.

■ In the second amended ground complaint is made of the following charge to the jury: "Where a plaintiff's right to recover depends upon the establishment of a particular fact, and the only proof offered for this purpose was circumstantial evidence from which the existence of such fact might be inferred, but which did not demand a finding to that effect, a recovery by the plaintiff was not lawful when, by the positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied upon by the plaintiff, it was affirmatively shown that no such fact existed." Under the evidence this was not a correct and applicable charge. The only proof offered by the plaintiff for the establishment of a copy of the lost note was not circumstantial evidence. He testified positively as to the date of the lost note, and then placed in evidence the documentary evidence referred to in which the note sued on was described as being dated as testified to by him.

The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*